UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN BRYANT,<br><br>    Plaintiff,<br><br>    v.<br><br>M. PAYAN,<br><br>    Defendant. | Case No.: 1:13-cv-0927-AWI-MJS<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(ECF No. 14)<br><br>FOURTEEN-DAY OBJECTION DEADLINE |

On June 13, 2013, Alvin Bryant, an individual proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

The Court screened Plaintiff's Complaint and dismissed it for failure to state a claim, but gave leave to amend. (ECF No. 7.) Plaintiff has filed a First Amended Complaint (ECF No. 14) which is now before the Court for screening. No other parties have appeared in this action.

I.    **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted,

or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

## II. PLAINTIFF'S CLAIMS

Plaintiff was previously housed in Avenal State Prison in Avenal, California, where the events at issue in his First Amended Complaint occurred. He names M. Payan, a correctional officer at Avenal State Prison, as the sole defendant in this action. His allegations are as follows:

On October 20, 2012, Defendant Payan insulted Plaintiff by calling him a name. She did not apologize. This action prevented Plaintiff's from securing mental health services and diabetes treatment. Following the insult, Plaintiff had an "emotional paranoid relapse".

Plaintiff asks for Defendant Payan's duties to be "rerouted" and that she receive training on inmates' rights. He also asks for $10,000 in punitive damages.

## III. ANALYSIS

### A. 42 U.S.C. § 1983 Claims

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder

2

v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

### B.   Eighth Amendment – Inadequate Medical Care

Plaintiff alleges that Defendant Payan violated his Eighth Amendment rights by acting in a way that prevented him from obtaining medical care.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

In addition to a serious medical condition, Plaintiff must also establish deliberate indifference.  To show deliberate indifference, Plaintiff must show "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official

1  should have been aware of the risk, but was not, then the official has not violated the Eighth
2  Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. Cnty. of Washoe,
3  Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

4      Plaintiff has not satisfied either prerequisite for a cognizable Eighth Amendment claim.
5  Plaintiff has not shown how or why either of his alleged ailments might be considered serious
6  medical conditions or, more importantly, how and why the failure to treat them immediately
7  would result in further significant injury or unnecessary and wanton infliction of pain.

8      Plaintiff also fails to explain how Defendant Payan was deliberately indifferent to
9  Plaintiff's medical conditions.  Plaintiff does not allege Defendant Payan was aware of his
10 medical conditions or that her one word insult might interfere with his ability to receive proper
11 medical care.

12     Plaintiff has failed to state an Eighth Amendment claim for inadequate medical care.
13 He previously was advised of the deficiencies in his claim and of what was necessary to cure
14 them and did not cure them.  No useful purpose would be served in repeating the same
15 advice and giving yet another opportunity to do that which he failed to do here. Plaintiff will
16 not be given further leave to amend.

17 **IV.  CONCLUSION AND RECOMMENDATION**

18     Plaintiff's First Amended Complaint fails to state any claims upon which relief may be
19 granted under section 1983.  Plaintiff was previously notified of the deficiencies in his claims
20 and given leave to amend several times.  Based on the nature of the deficiencies at issue,
21 the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122,
22 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

23     Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's action be dismissed
24 for failure to state any claims under 42 U.S.C. § 1983.  The Court also RECOMMENDS that
25 this dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).
26 Silva v. Vittorio, 658 F.3d 1090, 1098-1099 (9th Cir. 2011).

27     These Findings and Recommendations will be submitted to the United States District
28 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 28, 2013          /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE